UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. AUSTIN,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>JAMES TILTON, Secretary,<br><br>　　　　　　　Respondent. | Civil No.   05cv1303-LAB (CAB)<br><br>**ORDER DENYING APPLICATION TO FILE SUPPLEMENTAL PETITION** |

    Petitioner is a state prisoner proceeding pro se with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Respondent initially moved to dismiss the Petition, arguing that claim four and portions of claim three were unexhausted, and Petitioner replied by seeking leave to amend his Petition to abandon any unexhausted claims and proceed with his exhausted claims. (Doc. Nos. 9-16.) On January 23, 2006, the Court denied Respondent's motion to dismiss after finding that claim three, which presented a claim of ineffective assistance of counsel, met the technical requirements for exhaustion because, although it had not been presented to the state supreme court, a state procedure bar had been imposed on a similar claim, and it was clear that Petitioner no longer had state court remedies remaining available to him. (Doc. Nos. 17, 19.) The Court at that time also denied claim four, which presented a challenge to Petitioner's sentence, on the merits without reaching the exhaustion issue, and denied Petitioner's motion to amend the Petition as moot. (<u>Id.</u>)

On June 22, 2007, United States Magistrate Judge Cathy Ann Bencivengo issued a Report and Recommendation ("R&R") which recommended denying the remaining claims in the Petition on the merits. (Doc. No. 50.) Petitioner filed Objections to the R&R on July 27, 2007, and the matter is currently under submission.

Petitioner has now filed a new petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, containing a single claim related to his sentencing proceedings, which the Court has construed as an Application to File a Supplemental Petition. (Doc. No. 53.) Federal Rule of Civil Procedure 15(d) governs the filing of supplemental pleadings, and such pleadings "ought to be allowed as of course, unless some particular reason for disallowing them appears, though the court has the unquestioned right to impose terms upon their allowance when fairness appears to require them." Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988). Considerations in this regard include whether there is an absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962).

Here, Petitioner has failed to indicate whether he has exhausted available state court remedies with respect to the claim he wishes to add to his Petition. The burden of pleading that a claim has been exhausted lies with the petitioner. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981). Although the Court previously found that Petitioner's ineffective assistance of counsel claim met the technical requirements for exhaustion due to the imposition of a procedural bar by the state courts with respect to an ineffective assistance of counsel claim, no such finding was made with respect to the sentencing claim, which this Court denied on the merits. (See Doc. Nos. 17, 19.) Petitioner has also failed to explain the delay in presenting the new claim, which appears to have arisen at the time of his sentencing. Because the new claim does not appear to be based on "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented," it does not appear to be a supplemental claim. Fed.R.Civ.P. 15(d). However, even construing Petitioner's application as seeking leave to amend his Petition to include the claim, it must be denied because Petitioner has

1  failed to indicate whether he has presented the sentencing claim he now wishes to add to his
2  Petition to the state supreme court, or provided any other information regarding exhaustion of
3  this claim, and has failed to explain the reason for the delay in presenting the claim. Without this
4  information the Court is unable to determine whether it would be appropriate to add the claim
5  to the Petition at this late date. Therefore, the Application to File a Supplemental Petition is
6  **DENIED** without prejudice to Petitioner to renew his application. If Petitioner chooses to file
7  a renewed application, he must do so no later than **November 30, 2008**. Moreover, in addition
8  to addressing the issue of exhaustion, Petitioner must adequately address the concerns identified
9  above, including the delay in presenting the claim to the Court. Respondent may file a response
10 to Petitioner's renewed application within ten (10) days of service of the renewed application,
11 if one is made.

12       **IT IS SO ORDERED.**

13 DATED: November 26, 2007

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge