UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. AUSTIN,<br><br>　　　　　　　　　Petitioner,<br><br>　　v.<br><br>JAMES TILTON, Secretary,<br><br>　　　　　　　　　Respondent. | Civil No.　05cv1303-LAB (CAB)<br><br>**ORDER DENYING APPLICATION TO FILE SUPPLEMENTAL PETITION AND/OR TO AMEND PETITION** |

Petitioner is a state prisoner proceeding pro se with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Presently before the Court is Petitioner's Application to File a Supplemental Petition, to which is attached a Proposed Supplemental Petition. (Doc. No. 56.) Although Respondent was provided an opportunity to respond to Petitioner's application, no response has been filed.

The original Petition was filed on June 27, 2005. Respondent initially moved to dismiss the Petition, arguing that claim four and portions of claim three were unexhausted, and Petitioner replied by seeking leave to amend his Petition to abandon any unexhausted claims and proceed with his exhausted claims. (Doc. Nos. 9-16.) On January 23, 2006, the Court denied Respondent's motion to dismiss. The Court found that claim three met the technical requirements for exhaustion, and denied claim four, which presented a challenge to Petitioner's sentence, on the merits without reaching the exhaustion issue. (Doc. Nos. 17, 19.) Petitioner's motion to amend the Petition was denied as moot. (Id.)

On June 22, 2007, United States Magistrate Judge Cathy Ann Bencivengo issued a Report and Recommendation ("R&R") which recommended denying the remaining claims in the Petition on the merits. (Doc. No. 50.) Petitioner filed Objections to the R&R on July 27, 2007, and the matter is currently under submission.

Petitioner has now filed an Application to File a Supplemental Petition in which he seeks to supplement his Petition with a claim challenging the manner in which his sentence was calculated. (Doc. No. 56.) As detailed in the R&R, Petitioner was convicted of felony assault by means of force likely to cause great bodily injury on victim Ulloa (count one), felony assault with a deadly weapon on victim Manzo (count two), felony assault by means likely to produce great bodily injury on victim Ybarra (count three), and misdemeanor assault on victim Mondaca (count four). (R&R at 11.) The jury found true the allegation that Petitioner personally inflicted great bodily injury on victim Manzo, found not true the allegation that Petitioner personally inflicted great bodily injury on victim Ulloa, and were not asked to make findings as to the other victims. (Id.) In a bifurcated proceeding, the trial judge found that Petitioner had suffered a prior conviction in 1988 which constituted a "strike" under California's Three Strikes law. (Id.) The trial judge denied the motion to strike the prior conviction, and sentenced Petitioner to the middle term of three years on count two, doubled pursuant to the Three Strikes Law, and added a three-year enhancement for the great bodily injury finding. (Lodgment No. 2, Reporter's Tr. at 659.) Petitioner was also sentenced to two years each (one-third the middle term) on counts one and three, which were ordered to run consecutive to count two, for a total term of thirteen years imprisonment. (Id.) In claim four of the original Petition, Petitioner contended that his federal rights to due process and to be free from ex post facto laws were violated when the sentencing judge refused to strike his prior serious felony conviction and imposed a sentence under the Three Strikes law. (Pet. at 9.) This Court found that claim to be patently without merit as foreclosed under clearly established federal law. (Doc. Nos. 17 & 19.)

Petitioner now seeks leave to supplement his Petition with a claim that his Sixth and Eighth Amendment rights were violated because the sentencing judge erred when he ordered the sentences to be consecutive, and in using the great bodily injury finding to do "double duty" both

as a three-year sentencing enhancement and as transforming count two into a serious felony which permitted the doubling of the sentence on count two under the Three Strikes law. (See Proposed Supplemental Petition at 5-8.)

Federal Rule of Civil Procedure 15(d) governs the filing of supplemental pleadings, and such pleadings "ought to be allowed as of course, unless some particular reason for disallowing them appears, though the court has the unquestioned right to impose terms upon their allowance when fairness appears to require them." Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988). Federal Rule of Civil Procedure 15(a) provides that the Court "shall grant leave to amend freely 'when justice so requires.'" Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000), quoting Rule 15(a). Considerations in this regard include whether there is an absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 880 (9th Cir. 1999).

Here, the new claim appears to have arisen at the time of sentencing. Petitioner explains that the delay in discovering the new claim was caused by the fact that he was unaware that he had been improperly sentenced, and only discovered the errors after looking into whether his sentenced violated the principles of Cunningham v. California, 549 U.S. __, 127 S. Ct. 856 (2007), during the "hype" surrounding that case. (Pet.'s Application at 2.) The Court is disinclined to accept such an excuse for the nearly two and one-half year delay between the filing of the original Petition and the present application for leave to amend or supplement, because the holding in Cunningham is entirely unrelated to the Petitioner's claim here. In any case, the new claim does not appear to be based on "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented," and it therefore does not appear to be a supplemental claim. Fed.R.Civ.P. 15(d). Nevertheless, even assuming Petitioner could show an absence of undue delay, it is clear, for the reasons set forth below, that an amendment would be futile. Thus, even if Petitioner could satisfy the diligence standard for filing a supplemental petition, for the reasons set forth below, the claim is patently without merit

and it would be futile to supplement the Petition with this claim. Therefore, Petitioner's Application to File a Supplemental Petition is **DENIED**.

The Court will liberally construe Petitioner's Application as a Motion to Amend his Petition to include the newly-identified claim. Petitioner claims that the great bodily injury finding was used twice, once to impose a three-year enhancement and once to invoke the Three Strikes law by transforming count two into a serious felony. As set forth above, the Three Strikes law was invoked here due to a prior conviction, one which occurred in 1988, and not the current conviction. Moreover, count two, assault with a deadly weapon, qualified as a predicate for imposition of the Three Strikes law irrespective of the great bodily injury finding. See Cal. Penal Code sections 667(a)(4) & 1192.7(c)(31) (listing assault with a deadly weapon as a serious felony under the Three Strikes law); People v. Banuelos, 130 Cal.App.4th 601, 605 (2005) (noting that "a conviction of assault by means likely to cause great bodily injury is not a serious felony unless it also involves the use of a deadly weapon or actually results in the personal infliction of great bodily injury.") (emphasis added). Petitioner also claims that the trial court incorrectly ordered the sentences to be consecutive in violation of Cal. Penal Code section 667(c)(6), which Petitioner contends requires sentences for offenses arising from the same set of operative facts on the same occasion to be concurrent. Even if Petitioner could demonstrate that the sentence violated California law in this regard (which is unlikely given the nature of the sentencing judge's exercise of discretion in the matter, see Lodgment No. 2, Reporter's Tr. at 657-59), such a claim is simply not cognizable on federal habeas. Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) ("The decision whether to impose sentences concurrently or consecutively is a matter of state criminal procedure and is not within the purview of federal habeas corpus."); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (holding that "[w]hether assault with a deadly weapon qualifies as a 'serious felony' under California's sentence enhancement provisions is a question of state sentencing law" which is not cognizable on federal habeas).

/ / /

/ / /

Because the claim Petitioner wishes to add to his Petition is patently without merit, any such amendment would be futile. Therefore, to the extent Petitioner's Application is construed as a Motion to Amend his Petition, the Motion is **DENIED**.

## **CONCLUSION AND ORDER**

Petitioner's Application to File a Supplemental Petition is **DENIED**. To the extent the Application is construed as a Motion to Amend the Petition, the Motion is **DENIED**.

**IT IS SO ORDERED.**

DATED: January 10, 2008

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge